IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09cv3
[consolidating: 2:09cv3; 2:09cv4;
2:09cv5; 2:09cv6: 2:09cv7; 2:09cv8;
2:09cv9; 2:09cv10; 2:09cv11; 2:09cv12;
2:09cv13; 2:09cv14; and 2:09cv15]

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., ) a Virginia corporation, ) ) **Plaintiff,** ) ) Vs. ) ) DONALD D. BUSBY; LORI A. ) NASSIDA; KELLY M. BAKER; ) MICHAEL T. BAKER; ROBERT ) JOHN CUPELLI; LEIGH K. ) CUPELLI; DEANNA DAVIS; DEAN ) R. CUMMINGS; JEFFREY A. ) SYKES; GUY BARHOMA; ROBERT ) G. RONK; GREGORY M. SCHUETZ; ) KENNARD M. DAVIS; and PAUL J. ) MULA, ) ) **Defendants.** ) ) | **ORDER** |

**THIS MATTER** is before the court on the following pending motions filed in the following related cases:

(1) 2:09cv3: plaintiff's Motion to Dismiss (#8) and Motion to Dismiss

-1-

(#19);

(2) 2:09cv4: plaintiff's Motion to Dismiss (#10) and Motion to Dismiss (#20);

(3) 2:09cv5: defendants' Motion for Extension of Time to File Response/Reply (#12) and plaintiff's Motion to Dismiss (#10);

(4) 2:09cv6: plaintiff's Motion to Dismiss (#11) and Motion to Dismiss (#21);

(5) 2:09cv7: **defendant's Motion to Consolidate (#23)**, plaintiff's Motion to Dismiss (#9) and Motion to Dismiss (#20);

(6) 2:09cv8: no pending motions (Motion to Dismiss counterclaims likely to be filed by plaintiff by June 15, 2009);

(7) 2:09cv9: plaintiff's Motion to Dismiss (#11) and Motion to Dismiss (#21);

(8) 2:09cv10: plaintiff's Motion to Strike (#7), Motion to Dismiss (#9), and Motion to Dismiss (#20);

(9) 2:09cv11: plaintiff's Motion to Dismiss (#7) and Motion to Dismiss (#17);

(10) 2:09cv12: plaintiff's Motion to Dismiss (#8) and Motion to Dismiss (#18);

(11) 2:09cv13: plaintiff's Motion to Dismiss (#8) and Motion to Dismiss (#20);

(12) 2:09cv14: plaintiff's Motion to Dismiss (#9) and Motion to Dismiss (#19); and

(13) 2:09cv15: plaintiff's Motion to Dismiss (#10) and Motion to Dismiss (#20).

The Motion to Consolidate filed in 2:09cv7 seeks to consolidate the following cases: 2:09cv3, 2:09cv4, 2:09cv6, 2:09cv7; 2:09cv9, 2:09cv10, 2:09cv11, 2:09cv12, 2:09cv13, 2:09cv14, and 2:09cv15, hereinafter the "Wimer Cases."[1] Such motion does not seek consolidation of 2:09cv5, hereinafter the "Baker Case," or 2:09cv8, hereinafter the "Boutros Case." The court will address all pending motions *seriatim*, set any remaining motions for hearing, and allow any parties who have not had an opportunity to respond to the Motion to Consolidate an opportunity to be heard at the hearing.

### I. First Motions to Dismiss

Plaintiff timely moved to dismiss counterclaims that were originally asserted by certain defendants proceeding *pro se.* After such motions were filed, such parties

---

[1] The court has used such identifying title inasmuch as Mr. Wimer is counsel for all such defendants.

retained counsel and filed amended answers and counterclaims. These first motions to dismiss became moot when defendants filed their respective amended answers and counterclaims. Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[2] ("Defendants' motion to dismiss is addressed solely to the original complaint. . . . Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied"); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same). The court will, therefore, deny all first motions to dismiss as moot.

**II.     Second Motions to Dismiss**

On or about June 8, 2009, plaintiff filed its replies to defendants' respective responses to plaintiff's second motions to dismiss. Such motions are now ripe for disposition and will be heard on June 19, 2009, at 2 p.m. in Asheville.

---

[2] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

## III. Miscellaneous Motions

In 2:09cv5, there is now pending defendants' Motion for Extension of Time to File Response/Reply (#12), which will be denied as moot. In 2:09cv10, plaintiff's Motion to Strike (#7) is pending, which is moot for the same reasons as discussed in relation to the first motions to dismiss.

## IV. Motions to Consolidate

Now pending and ripe for disposition is the Motion to Consolidate filed in 2:09cv7, seeking to consolidate the Wimer Cases. Other than notice and an opportunity to be heard, the court can see no reason why the Baker Case and Boutros Case should not also be consolidated.

Consolidation of cases is, in the first instance, governed by Rule 42, Federal Rules of Civil Procedure, which provides as follows:

> **(a) Consolidation.**
> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.
> **(b) Separate Trials.**
> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or thirdparty claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.P. 42. The standard for consolidation of cases has been addressed by the judges of this court;

> As the rule states, a motion to consolidate must meet the threshold requirement of involving a common question of law or fact. If that threshold requirement is met, then whether to grant the motion becomes an issue of judicial discretion.

Pariseau v. Anodyne Healthcare Mgmt., Inc., 2006 WL 325379, at *1 (W.D.N.C. Feb. 9, 2006) (internal quotation marks omitted). The United States District Court for the Middle District of North Carolina has further explained:

> In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

In re Cree, Inc., Sec. Litig., 219 F.R.D. 369, 371 (M.D.N.C.2003).

The court has read the pleadings and exhibits in each of the 13 cases filed by Suntrust on January 23, 2009, in this court. Each case involves a loan it made to a lot purchaser in the Hampton Springs Resort located in Jackson County, North Carolina. In each case, the loan was originated by the same loan officer located in Miami, Florida, each loan was supported by similar documentation, each loan was defaulted and the deed of trust foreclosed upon in state court, and in each case plaintiff has asserted identical claims for breach of contract and fraud. As to the counterclaims,

it appears that in the Wimer Cases and Boutros Case, defendants have asserted identical counterclaims, and that the counterclaims asserted in the Baker Case, while not identical to those in the Wimer and Boutros Cases, are substantially similar.

The court finds that all the above captioned cases share common issues of law and fact and that any differences in claims asserted as defenses or counterclaims are slight. Each case involves claims by plaintiff that the respective defendants have breached identical loan contracts and committed fraud in securing such loans. Likewise, each case involves claims and defenses asserted by defendants that it was plaintiff that engaged in fraud, that plaintiff or its agents falsely filled out income statements, and/or that it was plaintiff or its agent[s] who forged their names to inaccurate loan documents. In addition, it appears that an employee of plaintiff, Mr. Vidal, originated all of the questioned loans in Miami, Florida, for real property located in a remote portion of Western North Carolina.

In addition to common claims, defenses, counterclaims, it appears that all of these cases involve a common scheme or artifice. Clearly, in each loan application someone has inflated monthly income to levels that would support the loan, but are incongruent with the stated employment or lack of employment of the borrower. Who

was complicit in such inflation or fraud is at issue in each case.³ The court must, therefore, consolidate these cases under Rule 42(a), leaving open the issue of severance for trial under Rule 42(b).

While the defendants in cases other than the Wimer Cases have no prior notice of consolidation, the court is compelled to consolidate all related cases as they involve common questions of law and fact. Arnold v. Eastern Air Lines, 681 F.2d 186, 193 (4th Cir. 1982). To do otherwise would result in multiple trials of nearly identical issues, which could result in inconsistent judgments. Further, the filing of multiple lawsuits involving the same issues has already resulted in congestion of the docket and interfered with judicial economy inasmuch as identical orders have been prepared on multiple occasions resulting in substantial costs to the taxpayer in lost productive court time. To protect such other defendants right to notice and an opportunity to be heard, the court will hear any objections to such consolidation by the parties in the Baker Case and Boutros Case during the hearing on Friday, June 19, 2009, at 2 p.m. Until such time, however, these actions will be consolidated under the first action filed, 2:09cv3.

---

³ It appearing that evidence has been filed with this court of possible bank, wire, and/or mail fraud [commonly but inaccurately called "Mortgage Fraud"], the court is by copy of this Order alerting the United States Attorney for the Western District of North Carolina of such fact in fulfillment of the court's duty to avoid misprison of a felony. In so fulfilling its duty, the court makes no finding as to who may be complicit or responsible for any criminal conduct as that issue is not before the court.

## ORDER

**IT IS, THEREFORE, ORDERED** that

    (1)    2:09cv3: plaintiff's Motion to Dismiss (#8) is **DENIED** as moot and Motion to Dismiss (#19) is set for hearing;

    (2)    2:09cv4: plaintiff's Motion to Dismiss (#10) is **DENIED** as moot and Motion to Dismiss (#20) is set for hearing;

    (3)    2:09cv5: defendants' Motion for Extension of Time to File Response/Reply (#12) is **DENIED** as moot and plaintiff's Motion to Dismiss (#10) is **DENIED** as moot;

    (4)    2:09cv6: plaintiff's Motion to Dismiss (#11) is **DENIED** as moot and Motion to Dismiss (#21) is set for hearing;

    (5)    2:09cv7: defendant's Motion to Consolidate (#23) is **GRANTED**, plaintiff's Motion to Dismiss (#9) is **DENIED** as moot, and Motion to Dismiss (#20) is set for hearing;

    (6)    2:09cv9: plaintiff's Motion to Dismiss (#11) is **DENIED** as moot and Motion to Dismiss (#21) is set for hearing;

    (8)    2:09cv10: plaintiff's Motion to Strike (#7) is **DENIED** as moot,

Motion to Dismiss (#9) is **DENIED** as moot, and Motion to Dismiss (#20) is set for hearing;

(9) 2:09cv11: plaintiff's Motion to Dismiss (#7) is **DENIED** as moot and Motion to Dismiss (#17) is set for hearing;

(10) 2:09cv12: plaintiff's Motion to Dismiss (#8) is **DENIED** as moot and Motion to Dismiss (#18) is set for hearing;

(11) 2:09cv13: plaintiff's Motion to Dismiss (#8) is **DENIED** as moot and Motion to Dismiss (#20) is set for hearing;

(12) 2:09cv14: plaintiff's Motion to Dismiss (#9) is **DENIED** as moot and Motion to Dismiss (#19) is set for hearing; and

(13) 2:09cv15: plaintiff's Motion to Dismiss (#10) is **DENIED** as moot and Motion to Dismiss (#20) is set for hearing.

**IT IS FURTHER ORDERED** that

(1) cases captioned 2:09cv3, 2:09cv4, 2:09cv5, 2:09cv6: 2:09cv7, 2:09cv8, 2:09cv9, 2:09cv10, 2:09cv11, 2:09cv12, 2:09cv13, 2:09cv14, and 2:09cv15 are **CONSOLIDATED** into 2:09cv3 as captioned above;

(2) the motions hearing is **CALENDARED** for Friday, June 19, 2009, at 2 p.m. in Asheville, North Carolina, at which all parties shall appear through their respective counsel of record. In addition to such motions,

the court will also afford the parties in the Baker and Boutros cases an opportunity to be heard as to consolidation; and

(3) the Clerk of this court certify a copy of this Order to Honorable Edward Ryan, United States Attorney for the Western District of North Carolina.

Signed: June 11, 2009

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge