# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:09CV3

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., ) <br> a Virginia corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> DONALD D. BUSBY, JR.; ) <br> LORI A. NASSIDA; ) <br> KELLY M. BAKER; MICHAEL T. ) <br> BAKER; ROBERT JOHN CUPELLI; ) <br> LEIGH K. CUPELLI; DEANNA ) <br> DAVIS; DEAN R. CUMMINGS; ) <br> JEFFREY A. SYKES; ) <br> GUY BARMOHA; ROBERT G. RONK; ) <br> GREGORY M. SCHUETZ; ) <br> KENNARD M. DAVIS; PAUL J. MULA; ) <br> and NATALIE BOUTROS, ) <br> ) <br> Defendants. ) <br> ) | **MEMORANDUM AND<br>O R D E R** |

**THIS MATTER** is before the Court on the objections of Defendants/Counterclaimants Donald D. Busby, Lori A. Nassida, Robert and Leigh Cupelli, Deanna Davis, Dean Cummings, Jeffrey Sykes, Guy Barmoha, Robert Ronk, Gregory Schuetz, Kennard Davis, Paul Mula, and Natalie Boutros (the "Wimer Defendants"), to the Magistrate Judge's

Memorandum and Recommendation filed herein on July 14, 2009. **See Counterclaimants' Amended Objection to Findings and Conclusions of United States Magistrate Judge, filed July 30, 2009.**

## I. BACKGROUND

A complete factual summary is outlined by the Magistrate Judge in the Memorandum and Recommendation and is hereby incorporated herein. **Memorandum and Recommendation, at 3-16.** For purposes of this Order, the following facts are summarized.

On January 26, 2009, Plaintiff filed complaints against the captioned Defendants alleging breach of contract and fraud. According to those complaints, from June through August 2007, each of the named Defendants signed Construction Loan Agreements along with promissory notes in the original principal amount of approximately $1.5 million. **Complaint, ¶ 5;** *see also* **Exhibits A (Note) and C (Construction Loan Agreement),** *attached to id.*[1] Each note was secured by a deed of trust. **Exhibit B,** *attached to id.* The proceeds of the notes were used to pay off

---

[1] These various documents are from the lead case, Civil No. 2:09CV3.

existing mortgage debt secured by the property for construction of vacation homes or dwellings in Jackson County, North Carolina.  See **Memorandum and Recommendation,** *supra*, **at 4.**  No dwelling or vacation home was completed.  *Id*.  In April 2008, Plaintiff declared each Defendant to be in default pursuant to the terms of the loan agreement, demanded payment of the unpaid principal and interest, and began foreclosure proceedings.  **Complaint, ¶ 19.**  The foreclosure sales were held on January 27, 2009.  *Id*. **¶ 21.**

On or about April 24, 2009, each Defendant filed a counterclaim alleging fraud and fraudulent concealment, negligent misrepresentation, unfair and deceptive trade practices, breach of duty of good faith and fair dealing, negligent appraisals, and fraudulent inducement.  **Memorandum and Recommendation,** *supra,* **at 14-16.**

On or about May 14, 2009, Plaintiff filed motions to dismiss as to each Defendant's counterclaim.  The parties briefed their respective positions and on July 1, 2009, the Magistrate Judge heard argument on Plaintiff's Rule 12(b)(6) motions.  Prior to the hearing, all parties consented to the consolidation of these cases for purpose of the hearing, but reserved

their right to move for severance for purpose of the trial. *Id*. **at 2.** The consolidated hearing was, therefore, appropriate in this case.

The Defendants were found to be bound by "a common nucleus of operative facts," with all Defendants except two (Kelly and Michael Baker - designated as the "Reinhardt Defendants") alleging the same basis for their respective counterclaims. *Id*. **at 14-15.** The Reinhardt Defendants allege two different causes of action in their counterclaims, but seek essentially the same relief. *Id*. **at 15-16.** On July 14, 2009, the Magistrate Judge filed the Memorandum and Recommendation herein concluding that Plaintiff's Rule 12(b)(6) motions should "be allowed and that all counterclaims asserted by all defendants herein be dismissed in accordance with Rule 12(b)(6) as claims are not therein stated." *Id*. **at 36.** Only the Wimer Defendants have filed objections thereto.

## II. STANDARD OF REVIEW

A party may file written objections to a Magistrate Judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Any written objections must specifically identify the portions of the Report and Recommendation to

which objections are made and the basis for such objections." **Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997); see also, Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." **Id.** "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." **Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Jones v. Hamidullah, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].").** General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. **Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir.**

2003); ***United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003)**. If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

### III. DISCUSSION

The Magistrate Judge disposed of the counterclaims *seriatim*, first addressing those of the Wimer Defendants then the Reinhardt Defendants. Each counterclaim is meticulously analyzed and recommended for dismissal.

The Court has reviewed *de novo* the Wimer Defendants' objections and the Magistrate Judge's findings, conclusions and recommendations, and concludes that such findings, conclusions, and recommendations are supported by the record and the proposed conclusions are consistent with current law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that all Defendants' counterclaims should be dismissed.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motions to dismiss are **ALLOWED**, and all of the Defendants' counterclaims herein are hereby **DISMISSED**.

Signed: August 24, 2009

Lacy H. Thornburg
United States District Judge