IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09cv3
[consolidating: 2:09cv3; 2:09cv4; 2:09cv5;
2:09cv6: 2:09cv7; 2:09cv8; 2:09cv9;
2:09cv10; 2:09cv11; 2:09cv12; 2:09cv13;
2:09cv14; and 2:09cv15]

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC., a Virginia corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| DONALD D. BUSBY; LORI A. NASSIDA; KELLY M. BAKER; MICHAEL T. BAKER; ROBERT JOHN CUPELLI; LEIGH K. CUPELLI; DEANNA DAVIS; DEAN R. CUMMINGS; JEFFREY A. SYKES; GUY BARHOMA; ROBERT G. RONK; GREGORY M. SCHUETZ; KENNARD M. DAVIS; and PAUL J. MULA, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on John J. Pavey, Jr.'s (a non-party) Motion to Quash (#66) a second subpoena served on him by plaintiff on November 5, 2009. Plaintiff has filed its Opposition to Motion to Quash (#67) and defendants

have filed their Reply (#70).

By seeking the production of closing documents held by an attorney under Rule 45, rather than seeking the same documents from defendants under Rule 34, plaintiff has created an unnecessary issue of attorney-client privilege and has placed such attorney in the awkward position of arguing relevance when he is in no position to make the call. While this court stands ready to address any number of issues in this case (and has), it is not looking to decide issues which are unnecessary. Indeed, Rule 34 provides, as follows:

> **(a) In General.**
> A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> > (A) any designated documents . . . .
> > \* \* \*

Fed.R.Civ.P. 34(a)(1).

> If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party. . . .The test for the production of documents is control, not location.

In re Flag Telecom Holdings, Ltd. Securities Litigation, 236 F.R.D. 177, 180 (S.D.N.Y. 2006)(citations and corresponding quotation marks omitted). As another court saw the issue,

> the plaintiff correctly argues that Rules 34 and 45 of the Federal Rules

of Civil Procedure embody separate and distinct discovery mechanisms. However, the thrust of the defendant's argument is not that opportunity to object to discovery must precede the issuance of a subpoena *duces tecum*, but rather that one party should not be able to defeat another party's anticipated claim of privilege simply by resorting to Rule 45, rather than the mechanism provided for in Rule 34. This argument is unquestionably sound, for at least with respect to the scope of material which is discoverable, Rules 34 and 45 are almost uniformly held to be *in pari materia*.

Morris v. Connecticut General Ins. Corp., 1975 WL 166112, 2 (D.Conn. 1975)(citations omitted). Yet another court addressed a similar issue, holding as follows:

> As an initial matter, the court questions whether Plaintiff may invoke Rule 45 to obtain documents from Dr. Becker. As the court explained in a prior case, "[w]hile the language of Rule 45 ... may ... not be crystal clear, it is apparent ... that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass.1996). Although Dr. Becker himself is not a party to the action, Rule 34 "governs the discovery of documents in the possession or control of the parties themselves." *Id.* Given the fact that Dr. Becker is Defendant's expert, the documents which Plaintiff seeks from him may be considered to be within Defendant's control. Hence, Rule 34, not Rule 45, would appear to apply. *Cf. Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D.Va.1992) (noting that subpoena for production of documents directed to non-party expert retained by a party is not within ambit of Fed.Rule 45(c)(3)(8)(ii)).

Alper v. United States, 190 F.R.D. 281, 283 (D.Mass. 2000). The court deduces from these cases that where the sought-after documents are within the possession, custody, or control of a party, it is not appropriate to employ Rule 45 to secure such documents

from a non party attorney who may also be in possession of the documents or copies.

This interpretation is buttressed by common sense. If plaintiff were to first avail itself of discovery under Rule 34 by serving defendants with a request for production, only one of two scenarios is possible: first, defendants have the documents and can produce or interpose whatever objections they believe are appropriate; second, they don't have physical custody of the documents, but could secure copies from Mr. Pavey, and then could either produce such documents or interpose whatever objections they might have. In either event, there are no thorny issues of attorney-client privilege, Mr. Pavey is not engaging in unnecessary and uncompensated work as he can charge defendants for the reproduction, and any Rule 26 objections can be addressed through a motion to compel and/or motion for protective order. Such a procedure leaves out involvement of non-parties and properly focuses on the Rule 26 issue rather than periphery issues such as attorney-client privilege.

Since entry of the Pretrial Order on October 1, 2009, discovery has been ongoing and plaintiff has not shown why it cannot or should not be required to first seek production directly from defendants. While it may well be arguable that multiple avenues of discovery are open to parties, this court is ever mindful of the requirement of Rule 1, Federal Rules of Civil Procedure, that all the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action

and proceeding." Fed.R.Civ.P. 1.

**ORDER**

**IT IS, THEREFORE, ORDERED** that John J. Pavey, Jr.'s (a non-party) Motion to Quash (#66) the second subpoena served on him by plaintiff on November 5, 2009, is **ALLOWED,** such subpoena is **QUASHED** without prejudice, and plaintiff is granted leave to seek such materials under Rule 34.

Signed: December 18, 2009

Dennis L. Howell
United States Magistrate Judge