IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09cv3

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC., a Virginia corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| DONALD D. BUSBY; LORI A. NASSIDA; KELLY M. BAKER; MICHAEL T. BAKER; ROBERT JOHN CUPELLI; LEIGH K. CUPELLI; DEANNA DAVIS; DEAN R. CUMMINGS; JEFFREY A. SYKES; GUY BARHOMA; ROBERT G. RONK; GREGORY M. SCHUETZ; KENNARD M. DAVIS; and PAUL J. MULA, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on plaintiff Suntrust Mortgage, Inc.'s Motion to Compel Discovery Responses from Wimer Defendants (#79). At issue is plaintiff's Request for Production of Documents, No. 20, which sought the following:

>  all documents in your possession, custody, or control referring to or in any way relating to your original purchase of the Property, including but not limited to, real estate sales contracts, the loan closing documents, loan applications, and/or HUD-1 settlement statements.

-1-

Docket Entry #81 (Sealed), Ex. 1, at 19. In their response to such motion, the Wimer defendants "recognize [that Sun Trust has] a right to the [2006] real estate sales contracts, the closing documents, the loan applications, and the HUD-1 forms . . . ." Response (#83), at 5-6. While such defendants originally asserted that such documents were subject to an attorney-client privilege, their recognition of plaintiff's right to discovery of such documents in their response moots the issue. The contention that plaintiff failed to confer before filing such motion or certify such conference is also without merit as made clear in plaintiff's Reply and attachments thereto. As to the substantive issue of whether these documents are discoverable, this court has previously held as follows:

> The court deduces from these cases that where the sought-after documents are within the possession, custody, or control of a party, it is not appropriate to employ Rule 45 to secure such documents from a non party attorney who may also be in possession of the documents or copies.
>     This interpretation is buttressed by common sense. If plaintiff were to first avail itself of discovery under Rule 34 by serving defendants with a request for production, only one of two scenarios is possible: first, defendants have the documents and can produce or interpose whatever objections they believe are appropriate; second, they don't have physical custody of the documents, but could secure copies from Mr. Pavey, and then could either produce such documents or interpose whatever objections they might have. In either event, there are no thorny issues of attorney client privilege, Mr. Pavey is not engaging in unnecessary and uncompensated work as he can charge defendants for the reproduction, and any Rule 26 objections can be addressed through a motion to compel and/or motion for protective order. Such a procedure leaves out involvement of non-parties and properly focuses on the Rule

26 issue rather than periphery issues such as attorney-client privilege. Order (#72), at pp. 3-4. To be even more succinct, defendants simply cannot argue that closing documents in their possession, custody, or control are subject to any attorney-client privilege: simply because an attorney is employed to create a legal document does not forever impress such document with the attorney-client privilege, especially where such document is transferred to the client. If that were the case, then contracts, deeds of trust, and any number of other documents that are commonly generated by attorneys and turned over to the client would never be subject to disclosure. In <u>Pollock v. United States</u>, 202 F.2d 281, 286 (5th Cir.), <u>cert. denied</u>, 345 U.S. 993 (1953), the appellate court held that "[w]here the attorney is a mere scrivener or the transaction involves a simple transfer of title to real estate and there is no consultation for legal advice, it has been held that communications to an attorney are not privileged." <u>Id.</u>, 202 F.2d, 286. "[A] document, which is not privileged in the hands of the client, will not be imbued with the privilege merely because the document is handed over to the attorney." <u>Mason C. Day Excavating, Inc., v. Lumbermens Mut. Cas. Co.</u>, 143 F.R.D. 601, 607 (M.D.N.C.1992) (citing <u>Gould, Inc. v. Mitsui Min. & Smelting Co.</u>, 825 F.2d 676, 679-80 (2nd Cir.1987)). Further, "closing transaction documents are typically not protected by the attorney-client privilege." <u>Waldemar E. Albers Revocable Trust v. Mid-American Energy, Inc.</u>, 2008

WL 4539379, 1 (M.D.Ga. 2008). As this court earlier pointed out, by demanding such closing documents from defendants rather than their counsel, the issue is not whether such documents are subject to attorney-client privilege, which protects communications concerning legal advice, but whether such documents are relevant to the issues raised in this action. Clearly, the closing documents with the developer and any lenders they may have had is not privileged in the hands of these defendants and is clearly relevant to this action. Thus, the court will Order that such documents be produced.

* * *

While the court encourages respective counsel to resolve the issue of attorneys fees, all counsel are advised that this court strictly adheres to the federal rules and applicable case law in the award of attorneys fees and costs under Rule 37(a)(5), Federal Rules of Civil Procedure. As has been made clear by the decisions of the Court of Appeals for the Fourth Circuit, an award of attorneys fees as part of an award of expenses to a prevailing party requires submission of affidavits. Such affidavits will typically include hourly rate statistics from a Bar association. Determination of the reasonableness of hourly rates is part of the required Lodestar determination.

> In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir.2008). In deciding what constitutes a "reasonable"

number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors:
> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).

After determining the lodestar figure, the "'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Grissom*, 549 F.3d at 321 (*quoting Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir.2002)). Finally, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (internal quotation marks and citation omitted).

Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 243 -244 (4th Cir. 2009). Of particular note in this case (inasmuch as the bulk of the work for plaintiff appears to have been accomplished outside of the Bryson City Division), the Court of Appeals for the Fourth Circuit has repeatedly held that

> '[i]n addition to the attorney's own affidavits, the fee applicant must

produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.'

Id., at 244 (citation omitted). In this case, the court believes the relevant legal community would be the Asheville legal community, which provides the bulk of legal services for cases pending in the Bryson City Division of this court. Indeed, the appellate court went on to hold in that case that

> [a]lthough we recognize that the district court authored a very thorough memorandum opinion, we nonetheless conclude that it abused its discretion by awarding the hourly rates requested by Robinson in the absence of 'satisfactory specific evidence of the prevailing market rates....'

Id., at 245 (citation omitted). Thus, respective counsel should consider the expense likely to be incurred in collecting and presenting such data to the court. Any motion for fees, properly supported, must be filed within 14 days of entry of this Order. If the parties resolve such issue amicably -- which the court <u>encourages</u> under Rule 1 -- such settlement of that issue should also be communicated to the court by a Notice filed through ECF within the same time frame.

# ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff Suntrust Mortgage, Inc.'s Motion to Compel Discovery Responses from Wimer Defendants (#79) is

**GRANTED**, and such defendants are **COMPELLED** to produce all such documents to plaintiff not later than the close of business on March 26, 2010. Any motion for costs and expenses, or a notice of resolution of such issue, shall be filed within 14 days of entry of this Order.

Signed: March 18, 2010

_Dennis E. Howell_

Dennis L. Howell
United States Magistrate Judge