IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09cv3

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC., a Virginia corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| DONALD D. BUSBY; LORI A. NASSIDA; KELLY M. BAKER; MICHAEL T. BAKER; ROBERT JOHN CUPELLI; LEIGH K. CUPELLI; DEANNA DAVIS; DEAN R. CUMMINGS; JEFFREY A. SYKES; GUY BARHOMA; ROBERT G. RONK; GREGORY M. SCHUETZ; KENNARD M. DAVIS; and PAUL J. MULA, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on Pavey & Smith, P.A.'s Motion for Protective Order (#85). A hearing was conducted on May 5, 2010, at which counsel for the interested parties and non-party attended. In advance of the hearing, the court carefully considered and reconsidered the well-reasoned briefs of the respective parties. Based on consideration of the briefs and the arguments of counsel the court determines that:

-1-

(1) the subpoenas issued by plaintiff to non-parties Wachovia and First Citizens Bank are proper;

(2) production of the documents sought to be produced therein is likely to lead to discovery of information relevant to the issues in this action;

(3) the subpoenas are narrowly tailored to garner discoverable documents;

(4) there is, however, a possibility that such bank records may contain materials that are either (a) not relevant to this action or (b) contain information related to such law firm's representation of clients not affiliated with this action or the purported scheme or artifice used in this real estate development; and

(5) while not privileged, the court does believe that transactions, which are unrelated to this litigation or to the purported scheme or artifice underlying this action, should not be disclosed to plaintiff as such may well reflect confidential matters and should be protected in accordance with the provisions of Rule 1.6 and Rule 1.9 of the North Carolina Rules of Professional Conduct.

At the hearing, the court recited a list of key words and names it determined were relevant to this litigation and counsel for plaintiff added names to that list and stated that there may be more. The court believes that any transaction bearing any such

name is well within the scope of discovery in this matter. The court specifically finds that any transaction related to the development in which defendants herein bought lots is relevant inasmuch as an issue has arisen as to whether similar, allegedly fraudulent, transactions occurred in this same development.

With those considerations in mind, the court will do three things: (1) allow Pavey &Smith, P.A.'s Motion for Protective Order and enter a Protective Order concerning the production; (2) direct the respondent banks to produce the subpoenaed documents to counsel for plaintiff; and (3) impose a system of document review that culls possibly confidential and unrelated documents and prevents the reviewing attorney from further participation in this matter or from further disclosure of information acquired.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) Pavey & Smith, P.A.'s Motion for Protective Order (#85) is **GRANTED** as provided herein and its Motion to Modify Order (#100) is well taken, but **DENIED**;

(2) the respondent banks shall, if they have not done so already, produce the subpoenaed documents by sending them to the law offices of counsel for plaintiff; and

(3)  a **PROTECTIVE ORDER** is entered, providing as follows:

such documents from both subpoenaed banks shall be reviewed by Mr. Claude Smith, Esq., an attorney agreed to by counsel for plaintiff and counsel for Pavey & Smith, P.A.  This attorney shall serve at the pleasure of this court and shall, at all times, act as an officer of this court in the discharge of his duties, herein defined as follows:

(A)  such attorney shall receive all documents and any digitally stored data and keep such documents secure throughout the pendency of this action and any appeal.  At the conclusion of such litigation, such attorney shall destroy such documents unless ordered otherwise by this court or upon order or process of another court of competent jurisdiction;

(B)  such attorney shall become familiar with the pleadings in this action so as to give context to the review to be undertaken.  Such attorney may have conference calls or discussions with counsel for plaintiff; however, counsel for Pavey & Smith, P.A. shall either be party to such discussions or provide its consent to such discussion being conducted *ex parte*;

(C)  such attorney shall also receive from counsel for plaintiff a list of

keywords, phrases, and names that are relevant to any claim, defense, or theory in this matter, which shall also be provided to counsel for Pavey & Smith, P.A. Counsel for plaintiff may also supply to such attorney a cover letter and memorandum, including instructions not inconsistent with this Order, as he thinks appropriate to aide in such review. A copy of such letter and any attachments shall also be provided to counsel for Pavey & Smith, P.A.;

(C) such attorney shall review all produced records for such keywords, phrases, and names:

(1) documents which match or contain any such keyword, phrases, or names shall be indexed,[1] copied,[2] and placed in a production labeled "Discoverable Records of Pavey &Smith, P.A.";

(2) documents which do not match or contain any such

---

[1] By "indexing," the court does not intend the reviewing attorney to create extensive accounting-style journal entries; rather, the index may simply refer to *Bates*-stamp numbers or other reference numbers similar to a privilege log.

[2] By copied, the court means either traditional copied, e-copying, or scanning into an electronic database. Plaintiff is allowed to aid such process by having such documents electronically formatted (without reviewing for substance) the bank productions.

keyword, phrases, or names shall be indexed, copied, and placed in a production labeled "Non-Discoverable Records of Pavey & Smith, P.A.";

(3) upon completion of the task, the reviewing attorney shall make copies (electronic or otherwise) of the discoverable materials and index and separate copies (electronic or otherwise) of the non-discoverable materials and index, and distribute such as follows:

 (a) a copy of the discoverable materials and index shall be sent to all counsel of record and counsel for Pavey & Smith, P.A.;

 (b) a copy of the non-discoverable materials and index shall be sent to counsel for Pavey & Smith, P.A.; and

 (c) the reviewing attorney shall keep a copy of the discoverable and non-discoverable records as well as the indexes until the final termination of this civil action and any appeals.

(E) upon completing such task, the reviewing attorney shall complete an affidavit as to the authenticity of the documents produced, to

wit, that the copies such attorney made are true and accurate copies of the documents that he received from the respective banks through counsel for plaintiff. The reviewing attorney shall therein also aver that he has faithfully discharged the duty imposed on him by the court;

(F) upon receipt of such documents, counsel for Pavey & Smith, P.A., shall promptly review documents in both productions. If such attorney discovers documents in the discoverable production which he believes have no bearing on the claims, defenses, and/or theories of this particular case <u>and</u> concern a client confidence, or concern proprietary business information of Pavey & Smith, P.A., unrelated to this action, counsel may promptly file a motion to "clawback" any such document;

(G) upon receipt of such documents, counsel for plaintiff, if unsatisfied with the production, may move for *in camera* inspection by this court of any non-discoverable documents. The court does not anticipate this will be necessary. If it is, it will not be a wholesale review, but limited to a review for very specific documents in a narrow time frame; and

(H) as it is public record that a criminal investigation into the events underlying this matter may be underway, the court has considered the possibility that a grand jury or other subpoena could issue to any person who may be in possession of these documents or any subset thereof. The court finds this to be unlikely, inasmuch as it would be simpler for any investigating body to do as plaintiff herein has done, subpoena the banks. In such event, however, the party in possession of such documents may of course seek whatever relief they deem appropriate from the issuing court; however, this court will make clear from the outset (as it did in open court) that this Protective Order is limited to this litigation and is intended as neither a sword to harm innocent third parties or to shield what may or may not be evidence of criminal conduct from investigating authorities. Simply put, while this Protective Order prohibits use by these parties beyond this litigation or in a manner not herein allowed, this Protective Order does not protect such documents from the lawful process or orders of other courts or investigating bodies.

Plaintiff is to pay Claude Smith's fees and no award of attorneys fees will be entered

on the Motion for Protective Order as stated by counsel on the record.

Signed: May 10, 2010

_____
Dennis L. Howell
United States Magistrate Judge